# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRENNA NICHOLS,** | 1:16-cv-001768-LJO-EPG |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR DISQUALIFICATION CONSTRUED AS A MOTION FOR DISQUALIFICATION (Doc. 20)** |
| v. | |
| **TRACTOR SUPPLY COMPANY,** | |
| Defendants. | |

On June 9, 2017, Plaintiff Brenna Nichols sent a letter brief to the undersigned's Courtroom Deputy requesting that the undersigned disqualify himself from this case. As a letter brief is not an appropriate means by which such an issue can be raised under the local rules, *see* Local Rule 230(b)("Except as otherwise provided in these Rules or as ordered or allowed by the Court, all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge"), the Court has directed the Clerk of Court to file it. *See* Doc. 20. Construing the letter brief as a motion to disqualify, that motion is DENIED.

A judge is required to disqualify himself if his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). A judge shall also disqualify himself if he has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The decision regarding disqualification is made by the judge whose impartiality is at issue. *Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994). The Supreme Court has recognized that:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or

1

> partiality motion. In and of themselves (i.e., apart from surrounding
> comments or accompanying opinion), they cannot possibly show reliance
> upon an extrajudicial source; and can only in the rarest circumstances
> evidence the degree of favoritism or antagonism required ... when no
> extrajudicial source is involved. Almost invariably, they are proper
> grounds for appeal, not for recusal.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000) (quoting *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir. 1997)). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted).

Here, Plaintiff suggests the undersigned should recuse himself because of rulings made in several prior cases brought by Plaintiff's counsel. For example, Plaintiffs point to *Gibbs v. Kaplan Coll.*, No. 1:14-CV-239-LJO-BAM, 2015 WL 1622181, at *1 n.1 (E.D. Cal. Apr. 10, 2015), in which the undersigned stated in a footnote:

> Due to the dozens of instances where counsel for Plaintiff, Shelley G.
> Bryant, mischaracterized the cited evidence-namely, witnesses' deposition
> testimony-it is difficult to believe those mischaracterizations were
> unintentional or based on a genuinely different understanding of the
> evidence. In addition, Mr. Bryant accuses Kaplan of lying to the California
> Department of Fair Employment and Housing ("DFEH"), and accuses two
> witnesses of lying in their depositions without valid evidentiary support.
> Put bluntly, Mr. Bryant blatantly and repeatedly mischaracterizes the
> evidence. If this case had survived summary judgment, the Court likely
> would have initiated a sanctions proceeding under Rule 11.

(Internal record citations omitted). Plaintiff construes this and other related statements "as assertions that Plaintiff's counsel personally – not Plaintiff as a party – was intentionally dishonest with the Court" and argues that "these statements are now creating a perception that [the undersigned] will decide this case based on his previous opinions of Plaintiff's counsel rather than the merits." Doc. 20 at 2.

The prior rulings in *Kaplan* were based on "facts introduced or evidence occurring in the course of the current proceedings or of prior proceedings," which "almost never constitute a valid basis for a

2

bias or partiality motion." *Liteky*, 510 U.S. at 555. The Supreme Court has explained the rare circumstances in which the exception to that rule may apply. Statements based on facts or evidence gathered during the course of judicial proceedings "may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*.

> An example of the latter (and perhaps of the former as well) is the statement that was alleged to have been made by the District Judge in *Berger v. United States*, 255 U.S. 22 (1921), a World War I espionage case against German-American defendants: "One must have a very judicial mind, indeed, not [to be] prejudiced against the German Americans" because their "hearts are reeking with disloyalty." *Id*., at 28 (internal quotation marks omitted). Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration— remain immune.

*Id*. at 555-56.

The statement made by the undersigned in the *Kaplan* case is not of the nature that would warrant disqualification or recusal. A contrary rule would enable lawyers to behave inappropriately on the record with no consequence to their reputation in future cases, as they would simply be able to request the recusal of any judge who found fault with their method(s) of practice. That said, the Court views each and every case before it on the merits, based upon the record.

IT IS SO ORDERED.

Dated: **June 14, 2017**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE