UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENNA NICHOLS, | 1:16-cv-1768-LJO-EPG |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISQUALIFY (Doc. 26) |
| v. | |
| TRACTOR SUPPLY CO., | |
| Defendant. | |

Plaintiff Brenna Nichols moves to disqualify the undersigned from this case under 28 U.S.C. §§ 144 and 455(a) on the ground the undersigned is biased against Plaintiff's counsel, Ms. Amanda Whitten, because the undersigned is biased against her law partner, Mr. Shelley Bryant. *See* Doc. 26-3 at 4-5. The basis for Plaintiff's motion is that the undersigned has ruled against Mr. Bryant's client in three other cases and made statements critical of Mr. Bryant in one of them. *See id.* 8-9. Plaintiff now claims the undersigned will decide this case against her solely because Mr. Bryant is her attorney, instead of deciding it on the merits. For the reasons discussed below, the Court DENIES Plaintiff's recusal motion.

The Court previously denied Plaintiff's motion to disqualify the undersigned, *see* Doc. 23[1], brought primarily due to two statements the Court made in *Gibbs v. Kaplan College*, No. 1:14-cv-239-

---

[1] Plaintiff's counsel filed an informal letter brief requesting the undersigned recuse himself, which the Court construed as a motion to disqualify. *See* Doc. 23 at 1. Plaintiff has now filed a formal recusal motion. Doc. 26. Plaintiff suggests it was improper for the Court to rule on her letter brief (construed as a motion for disqualification), because 28 U.S.C. § 144 requires any such motion be heard by a judge other than the judge being challenged. *See* Doc. 35 at 1-2. For the reasons set forth herein, Plaintiff's suggestion is incorrect. It was proper for the Court both to construe the letter brief as a motion and to rule upon it.

1

LJO-BAM, a case in which Mr. Bryant represented the plaintiff. First, in granting the defendant's motion for summary judgment, the Court stated:

> The Court notes at the outset that there are serious evidentiary problems with Plaintiff's almost 400 "additional facts," which total 47 pages. Doc. 16-2. Plaintiff submitted almost 400 additional facts, the overwhelming majority of which are not sufficiently supported (or not supported at all) by the cited evidence. See generally Doc. 17–3. Due to the dozens of instances where counsel for Plaintiff, Shelley G. Bryant, mischaracterized the cited evidence—namely, witnesses' deposition testimony—it is difficult to believe those mischaracterizations were unintentional or based on a genuinely different understanding of the evidence. In addition, Mr. Bryant accuses Kaplan of lying to the California Department of Fair Employment and Housing ("DFEH"), and accuses two witnesses of lying in their depositions without valid evidentiary support. Put bluntly, Mr. Bryant blatantly and repeatedly mischaracterizes the evidence. If this case had survived summary judgment, the Court likely would have initiated a sanctions proceeding under Rule 11.

*Gibbs v. Kaplan College*, No. 1:14-cv-239-LJO-BAM, 2015 WL 1622181, at *1 n.1 (E.D. Cal. Apr. 10, 2015) ("the MSJ Order") (citations omitted). Shortly after, in awarding taxed costs to the defendant, the Court stated:

> Plaintiff misreads the MSJ Order. In the MSJ Order, the Court explained that "[d]ue to the dozens of instances where counsel for Plaintiff, Shelley G. Bryant, mischaracterized the cited evidence," it was difficult for the Court "to believe those mischaracterizations were unintentional or based on a genuinely different understanding of the evidence." Given Mr. Bryant's lack of a specific citation to the MSJ Order where it allegedly found Plaintiff had established a prima facie case, the Court is again left to wonder whether Mr. Bryant is mischaracterizing the facts in this case.

*Gibbs v. Kaplan College*, No. 1:14-cv-239-LJO-BAM, 2015 WL 4430881, at *3-3 n.1 (E.D. Cal. July 20, 2015). The Court found these statements, without more, did not support recusal in this case. Doc. 23 at 3.

Plaintiff now moves again to disqualify the undersigned. Plaintiff argues that that the quoted statements from *Gibbs*, as well as the undersigned's adverse rulings against Mr. Bryant's clients in two other cases, warrant disqualification.

As a threshold matter, Plaintiff also argues that the matter must be referred to another District

Judge under § 144.[2] Section 144 provides in relevant part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Every court to address the issue has held that a judge faced with recusal motion brought under § 144 may consider it in the first instance to determine if it is "sufficient."[3] A "sufficient" recusal motion is one that complies with the requirements of § 144[4] and provides an adequate basis for recusal. If the judge finds that the motion is sufficient, then the matter is referred to another judge, but if the judge finds that the motion lacks merit, then the judge may deny the motion and the matter is resolved unless appealed. *See Kante*, 430 Fed. App'x at 849; *United States v. Azhocar*, 581 F.2d 735, 737-38 (9th Cir. 1978). The Court will therefore determine whether Plaintiff's showing is sufficient for the matter to be referred to another District Judge.

Under both § 144 and § 455, the standard for whether the undersigned must disqualify himself is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997). "Ordinarily, the alleged bias must stem from an 'extrajudicial source.'" *Id.* (quoting *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)). For that reason, "[j]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.*

In addition to the two statements from *Gibbs* quoted in full above, Plaintiff argues the undersigned's bias is evinced by the fact that the undersigned granted summary judgment to the

---

[2] Plaintiff acknowledges that the undersigned is permitted to address her disqualification motion under § 455. *See* Doc. 26-3 at 4; *see also Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994) (holding that judge may decide § 455 recusal motion directed at that judge).

[3] *See, e.g.*, *Kante v. Countrywide Home Loans*, 430 Fed. App'x 844, 849 (11th Cir. 2011); *Peterson v. United States*, 239 Fed. App'x 428, 429 (10th Cir. 2007); *LoCascio v. United States*, 473 F.3d 493, 498 (2d Cir. 2007); *Jacobs v. Lanterman Dev. Ctr.*, 202 Fed. App'x 201, 202 (9th Cir. 2006); *Bell v. Johnson*, 404 F.3d 997, 1005 n.8 (6th Cir. 2005); *Harrison v. McBride*, 428 F.3d 652, 667 (7th Cir. 2005); *Maldonado v. Ashcroft*, 108 Fed. App'x 221, 221 (5th Cir. 2004).

[4] The requirements are: (1) the party seeking recusal must state the facts and reasons for recusal; (2) the party's counsel, if any, must file a certificate that the motion is filed in good faith; and (3) the motion must be timely. *See* § 144.

3

defendant in *Gibbs* and two cases in which Mr. Bryant represented the plaintiff, *Kaelble v. Tulare Cty.*, No.1:14-cv-1750-LJO-SAB, 2016 WL 2743223 (E.D. Cal. May 11, 2016), and *Swan v. San Joaquin Valley College, Inc.*, No. 1:13-cv-1073-LJO-GSA, 2015 WL 300628 (E.D. Cal. Jan. 22, 2015). Plaintiff essentially argues that the undersigned is biased because Mr. Bryant and his law partner, Ms. Amanda Whitten, lost these summary judgment motions.

As to *Gibbs*, Plaintiff's argument is undercut by Mr. Bryant's arguments made in opposition to the defendant's motion for taxed costs. Mr. Bryant argued it was a complicated case, which was evidenced by the Court's having to issue a fact-intensive, thirty-seven page order. *Gibbs*, 2015 WL 4430881, at *2. In any event, as the Court explained, that was "*not at all* a close or difficult case" because the defendant "made an overwhelming showing that Plaintiff's claims lacked merit." *Id.* at 3 (emphasis in original). And though the Court had serious concerns about whether Mr. Bryant had violated his Rule 11 obligations, the Court did nothing more than admonish him that the Court "likely would have initiated a sanctions proceeding under Rule 11" had the case survived summary judgment. *Gibbs*, 2015 WL 1622181, at 1 n.1.

Similarly, the Court issued a 25-page order in *Kaelble* that thoroughly addressed the evidence and the parties' arguments. Notably, the plaintiff—represented by Mr. Bryant and other attorneys—did not address the second of the defendants' two arguments. *See Kaelble*, 2016 WL 2743223, at *13. Although the Court potentially could have considered the argument conceded, "the Court addresse[d] the issue on the merits." *Id.* at *13.

In *Swan*, the Court granted summary judgment to the defendant on only the plaintiff's federal claim, declined to exercise supplemental jurisdiction over the plaintiff's remaining eight state-law claims, and remanded them to state court. If the undersigned were biased against Plaintiff's attorneys, then the undersigned would not have afforded the plaintiff the opportunity to litigate those claims before another judge that counsel would (presumably) consider unbiased.

Notably absent from Plaintiff's filings is *any* explanation as to why the Court's decisions in

*Gibbs*, *Kaelble*, and *Swan* were wrongly decided, or what indicates they were decided on the basis of the undersigned's purported bias against Plaintiff's counsel beyond the admonishment in *Gibbs*. All three cases were decided solely on the merits, as their extensive analysis shows. That Mr. Bryant lost those three cases but he and Ms. Whitten have fared better with other judges in other cases, *see* Doc. 26-1 ¶ 6, is not evidence of the undersigned's bias. Instead, it is simply evidence that those cases before him were not meritorious in the Court's view. The Court therefore DENIES Plaintiff's disqualification motion on that basis.

On a more general level, a disqualification motion under § 144 or § 455 is almost never appropriate when it is based on judicial conduct. *Liteky v. United States*, 510 U.S. 540, 555 1994); *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (affirming district judge's denial of § 144 motion because it was based solely on the judge's orders and statements at oral argument); *United States v. Minard*, 856 F.3d 555, 557 (8th Cir. 2017); *Willner v. University of Kansas*, 848 F.2d 1023, 1028 (10th Cir. 1988) (holding that a motion to recuse cannot be based exclusively on adverse rulings). Plaintiff has failed to explain, much less establish, why that general rule should not apply here. Accordingly, the Court also DENIES Plaintiff's disqualification motion on that basis.

Further, though the Court assures Plaintiff that it is not biased against her counsel, even if it were, that would not be a sufficient basis for recusal. A number of courts have held explicitly that a judge's bias against counsel, even if it exists, is insufficient for recusal unless it can be reasonably imputed to the party counsel represents. *See United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (collecting cases). Plaintiff has not pointed to anything beyond the undersigned's prior rulings against Plaintiff's counsel's clients in prior cases and statements directed toward Mr. Bryant in *Gibbs*. Thus, to the extent Plaintiff asserts the undersigned is biased against her only by virtue of an alleged bias against her counsel, her disqualification motion is DENIED on that ground. *See id.*

Finally, any disqualification motion under § 144 or § 455 must be timely. *See Preston v. United States*, 923 F.2d 731, 732-33 (9th Cir. 1991). There is "no per se rule . . . regarding the time frame in

which recusal motions should be filed after a case is assigned to a particular judge," but they "should be filed with reasonable promptness after the ground for such a motion is ascertained." *Id.* at 733.

Although this case was assigned to the undersigned in November 2016 and the basis for Plaintiff's disqualification motion is the Court's decisions from 2015 and early 2016, Plaintiff did not file her disqualification motion for almost seven months. The Court therefore finds Plaintiff's motion is untimely.[5] *See United States v. Betts-Gaston*, __ F.3d __, 2017 WL 2641120, at *9 (7th Cir. 2017) (§ 144 motion filed four months after the complaint-of events was not timely); *Skokomish Indian Tribe v. United States*, 410 F.3d 506, 519 (9th Cir. 2005) (recusal motion filed seven months after plaintiff believed it had grounds to do so was untimely). Accordingly, the motion is DENIED on that ground.[6]

For the foregoing reasons, Plaintiff's motion to disqualify the undersigned (Doc. 26) is DENIED. This case, like all others, will be decided based upon the law and the allegations as pled/the facts as found to exist.

IT IS SO ORDERED.

Dated: **July 27, 2017**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

---

[5] To the extent Plaintiff brings this motion on the ground that the Court's statements in its prior denial show that the undersigned is biased, *see* Doc. 26-3 at 11-12, the motion is timely. Nonetheless, the Court DENIES the motion to the extent it is based on the Court's judicial conduct and provides no legitimate basis for the undersigned's disqualification.

[6] Plaintiff offers no authority to support her contention that the <u>undersigned</u> "waived" the issue of timeliness by failing to address it in the June 14, 2017 order denying the original letter/motion to disqualify. *See* Doc. 35 at 2.